IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENT A. ADKINS, :
: Case No. 1:17-cv-00643-SJD
Plaintiff(s) :
: District Judge Susan J. Dlott
v. :
: JOINT DISCOVERY PLAN
MARATHON PETROLEUM COMPANY, LP, :
:
Defendant(s) :

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. The parties conducted their discovery conference on <u>April 30, 2018, with continuation thereafter</u>.

1. **MAGISTRATE CONSENT**

The Parties:

☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☑ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

2. **RULE 26(A) DISCLOSURES**

✔ There are no changes that need to be made in the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto or will be made by the time of the scheduled Preliminary Pretrial Conference. ***Initial Disclosures shall be made on or before May 28, 2018, one day prior to the Preliminary Pretrial Conference scheduled for May 29, 2018.***

☐ The parties agree to delay the initial disclosure until _____. The purpose of delay is

☐ to give the Court time to rule on the pending dispositive motion.

☐ _____.

3. **DISCOVERY ISSUES AND DATES**

A. Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation; (ii) prepare for case dispositive motions; and (iii) prepare for trial.

Both parties will pursue discovery regarding Plaintiff's claims and allegations of toxic exposure, alleged injury, alleged liability, and resultant alleged damages. Both parties will also pursue discovery regarding Defendant's affirmative defenses.

(i). Plaintiff's deposition and a Rule 35 medical evaluation by one or more medical professionals.

(ii). Plaintiff and Defendant agree that to prepare for dispositive motions the parties will need to depose Plaintiff, fact witnesses, and medical doctors and professionals who have examined or treated Plaintiff.

Plaintiff states that, additionally, he will need to depose causation-related expert witnesses, marine experts, company physical examiners and reviewing physicians, and certain 3rd parties such as refinery managers and personnel that loaded and unloaded cargo to barges where Plaintiff worked. Plaintiff states he also will need to depose a corporate representative of Defendant, pursuant to Rule 30(b)(6), to include the following topics, documents, and individuals:

The Director of the Medical Management and Administration of Medical Examinations for Defendant, the Safety Director in charge of barge safety, the Corporate Safety Training managers, the record-keeping department manager, work records of the Plaintiff, an explanation of Marathon record-keeping methods, records showing the chemicals/oil products carried and discharged from the barges where Plaintiff worked, records of Plaintiff's dates of employment on what towboats, Marathon's Industrial Hygiene studies with data records of the level of H2S and Styrene fumes potentially aboard barges for representative cargoes.

(iii). Plaintiff and Defendant agree that to prepare for trial they will need additional fact and expert witness testimony on issues of liability, damages, and issues pertaining to payment of maintenance and cure.

    B.    Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

      X_____Yes

      _____ No

(i) The parties have electronically stored information in the following formats: PDF and native file formats.

(ii) The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

Plaintiff anticipates seeking to obtain information concerning the following subjects, some of which may be stored electronically:

1) The identification of the products to which he was exposed, when, and where this occurred.
2) Pre-hire medical screening for employment conducted by Marathon, issues concerning his periodic medical examinations, and Defendant's criteria for finding Plaintiff "fit for duty."
3) Specific job assignments on tug and barge combinations, by day, location or job function.
4) Marathon's health and safety training and operational rules.
5) The contents of Manufacturer's Safety Data Sheets (MSDS) for the involved products, Marathon's Cargo Loading Manual, Safety Manual, "Responsible Carrier Program" manual, and Marathon's International Safety Management Code Manual.
6) The involved towboat Bridge Logs showing movements and loads, and manning in paper and electronically stored format for the subject towboats.
7) If cargo loads descriptions are not available for the involved trips, then Plaintiff will need the customer orders for requested Pick-Up and Discharge of cargoes relating to Plaintiff's assignments.
8) The industrial hygiene studies that Marathon has indicating IH results for potential exposure to H2S and/or styrene fumes on barges, including loading and unloading VGO and asphalt.
9) Defendant's daily record-keeping policies for daily assignments and respective barge movements with cargo.
10) Plaintiff will request a complete set of vessel logs covering Plaintiff's duty on said vessels during Plaintiff's employment. Plaintiff will request full disclosure of how the logs, in electronic spreadsheet form, were compiled and whether they can be re-constructed to include Plaintiff's duty on board said vessels.

Defendant has preserved and secured all documents it believes are relevant or likely to be relevant to this litigation during Plaintiff's period of employment within the statute of limitations. Documents produced by the parties with initial disclosures or in discovery shall be produced in bates-labled hard copy or PDF format. Documents attached to and correspondence by, with, and/or between attorneys shall not be produced.

C.     Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    __X__ Yes

    _____ No

(i) The case presents the following issues relating to claims of a privilege or of protection as trial preparation materials:

> Documents attached to and correspondence by, with, and/or between attorneys for the parties shall not be produced. Other privileged communications, documents, and other materials shall be handled pursuant to Rules 501 and 502 of the Federal Rules of Evidence, respectively. Where there is a question of privilege, the parties have agreed to produce a privilege log upon request by the opposing party.

(ii) Have the parties agreed on a procedure to assert such claims AFTER production?

    __X__ Yes

    _____ No

    __X__ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

> The parties have agreed to a claw-back provision by which privileged materials inadvertently produced shall be returned to the producing party upon request and shall not be used for any purpose without the parties resolving the issue on their own or seeking the Court's assistance.

D. The parties recommend that discovery

- [✔] need not be bifurcated
- [ ] should be bifurcated between liability and damages
- [ ] should be bifurcated between factual and expert
- [ ] should be limited in some fashion or focused upon particular issues which relate to _____

E. Disclosure and report of plaintiff expert(s) by
Plaintiff's requested date: <u>January 30, 2019</u>
Defendant's requested date: <u>Approx. Feb. 2019</u>

F. Disclosure and report of defendant expert(s) by
Plaintiff's requested date: <u>March 8, 2019</u>
Defendant's requested date: <u>Approx. Apr. 2019</u>

G. Discovery cutoff
Plaintiff's requested date: <u>November 30, 2018</u>
Defendant's requested date: <u>Approx. June 2019</u>
*Plaintiff requests a trial date of May or June 2019*

H. Anticipated discovery problems

- [✔] <u>Plaintiff contends there may be document preservation issues.  Defendant does not agree.</u>
- [ ] None

4. **LIMITATIONS ON DISCOVERY**

A. Changes in the limitations on discovery

- [ ] Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.
- [ ] Extension of number of depositions (currently 10) permitted to _____.
- [ ] Extension of number of interrogatories (currently 25) to _____.
- [ ] Other: _____.
- [✔] None

    B.    Protective Order

☑ A protective order will likely be submitted to the Court on or before the date of the Preliminary Pretrial Conference. The parties previously entered into a Confidentiality Agreement which remains in effect and shall be submitted to the Court for its consideration.

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016).

**5. OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

☐ The plaintiff anticipates the need for the Court to set a deadline to allow for the amendment of the complaint to

    ☐ add parties.

    ☐ add additional claims.

    ☐ add factual allegations to support original claim(s).

    ☐ _____.

Signatures:

Aaron G. Durden  
Attorney for Plaintiff(s)

Grant S. Cowan  
Attorney for Defendant(s)

S. Reed Morgan  
Attorney for Plaintiff(s)

Raymond L. Massey  
Attorney for Defendant(s)