IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CIVIL DIVISION

| | |
|---|---|
| **BRENT A. ADKINS,** § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> **MARATHON PETROLEUM** § <br> **COMPANY, LP,** § <br> Defendant. § | Case No. 1:17-cv-00643-SJD <br><br> Judge Susan J. Dlott |

### PLAINTIFF'S EXPERT DISCLOSURES

To: Defendant, Marathon Petroleum Company, L.P., through their counsel Raymond Massey Two City Place Drive Suite 200 St. Louis, MO 63141.

Plaintiff, Brent Adkins, makes these expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2).

### I. Plaintiff's Retained Experts

The identity of the plaintiff's retained experts who must provide written reports as provided by Federal Rule of Civil Procedure 26(a)(2)(A)-(B) is as follows:

Dr. Sheila Butler
130 Centerway
Corning, NY 14830
(607) 973-8000

Dr. Butler is expected to testify regarding the standard of care for respirator surveillance and clearance evaluation needed for work in an environment of the type in which Plaintiff worked. She has and applied those standards to the facts of this case and the work done by Brent A. Adkins at Marathon Oil. She has evaluated the medical surveillance performed by Marathon in this case, and rendered her opinion on its efficacy and whether it was done correctly. She will cover and explain his occupational intake, its meaning, and his lung function test scores when hired. She will render opinions on the ensuing sequence of pulmonary testing, the significance of

1

information on the forms he filled out, and the interpretation of the pulmonary results gathered by Marathon while he was employed. She will testify to how a reasonably prudent industrial Medical Surveillance department, trained Physician's Assistant, and medical doctor/director would have properly handled follow-up.

She is expected to testify on the medical consequences and effects of Mr. Adkins breathing hydrogen sulfide and other hydrocarbon fumes and vapors relative to causing and/or aggravating Brent Adkins's lung injury. She will testify to Marathon subjecting him knowingly to hydrocarbon vapors and fumes, and H2S (hydrogen sulfide). She may describe the medical importance of the results of the Forced Vital Capacity pulmonary studies done when he was hired and tested afterwards at Marathon. She may address Brent Adkins's exposure to hydrogen sulfide, the pulmonary test scores and medical mismanagement of Brent Adkins by Marathon's Medical Department, doctors and Physician Assistants. Dr. Butler's written report setting forth the information as required by Federal Rule of Civil Procedure 26(a)(2)(B) has been provided as an attachment to this disclosure.

Dr. John F. Burke, Jr., Ph.D.
Burke, Rosen & Associates,
2800 Euclid Avenue, Suite 300,
Cleveland, Ohio 44115
(216) 566-9300.

Dr. Burke is expected to testify regarding economic damages and loss of earnings and benefits and earning capacity resulting from the injuries/illness suffered by the plaintiff. Dr. Burke's written report setting forth the information as required by Federal Rule of Civil Procedure 26(a)(2)(B) has been provided as an attachment to this disclosure.

Dr. Charles Pue, M.D.
5100 W. Broad Street
Columbus, Ohio 43228
(614) 544-2058

Dr. Pue is expected to testify regarding the general and specific causation for aggravation of Brent Adkins's pre-existing condition of decreased lung function, resulting in Brent Adkins becoming disabled from gainful employment, and becoming oxygen dependent; and, that his work at Marathon was the cause of his deteriorating medical condition. He will address Brent Adkins's medical history and work history, and how this relates to his current pulmonary and cardiovascular function and the reasonable and necessary medical treatment that Brent Adkins will need for the remainder of his life. He will discuss past future medical expenses, whether or not they are reasonable and necessary and the nature and extent of his illness. He will offer opinions on Brent Adkins's prognosis and render an interpretation of Brent Adkin's past and current pulmonary function tests, how the tests are performed, what the results are and what they mean. He will offer opinions on what these results meant concerning Brent Adkin's pulmonary condition, what disease process he sustained at work by virtue of exposure, how the exacerbation of his lung decrease in both breathing in and out developed, and its cause. He will explain the etiology of the injuries to his lungs, and what prudent and reasonable action should have been taken with respect to the test results by Marathon. He will render opinions on the job-related cause of and nature and extent of Brent Adkins's disability and lung function. He will render a prognosis and diagnosis, and may testify to future anticipated medical costs and necessary treatment. He will address the treatment by Dr. Gomes to date, and the need for continued use of oxygen, and the potential for a lung transplant. He will render an opinion on the reasonable and necessary costs of past and future treatment. He may offer other opinions addressed in his report. Dr. Pue's written report setting forth the information as required by

Federal Rule of Civil Procedure 26(a)(2)(B) has been provided as an attachment to this disclosure.

Captain Mitchell Stoller
21001 N. Tatum Blvd
Suite 1630-619
Phoenix, AZ 85050
(949) 632-9556

      Mr. Stoller is expected to testify regarding maritime issues and the defendants' failure to provide a safe-working environment for the plaintiff.  He will testify to his opinions set-forth in his report, the failures to meet industry standards for reasonable care in providing a safe place to work, proper instructions, proper supervision, and meeting requirements of the USCG regulations and NAVIC 4-08. This includes breaches of Coast Guard and OSHA regulations, and he will explain the breaches by the defendant of reasonable care standards used in the marine industry, and opinions in his report. Cpt. Stoller's written report setting forth the information as required by Federal Rule of Civil Procedure 26(a)(2)(B) has been provided as an attachment to this disclosure.

Dr. Rachael Jones, Phd, CIH.
531 S. Plymouth Ct, APT 303,
Chicago, IL 60605
(510) 593-1118.

      Dr. Jones is expected to testify about the industrial hygiene standards of care, and her modeling of H2S work exposure at Marathon during his work there. She will explain how the exposures occurred, how they are predicted, and what would and should be done to prevent exposure. In this vein, she will address liability and work causation issues in this case. She will explain the specific levels in parts per million years of Brent Adkins's exposure to hydrogen sulfide gas during his work in the defendant's employ.  She will explain and address the contents

4

of her expert report. Dr. Jones's written report setting forth the information as required by Federal Rule of Civil Procedure 26(a)(2)(B) has been provided as an attachment to this disclosure.

## II. Non-Retained Experts

The identity of the non-retained experts who the plaintiff expects to call at trial, the subject matter on which they are expected to present evidence, and a summary of the facts and opinions to which they are expected to testify, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) is as follows:

Dr. Glenn Gomes, M.D.
9001 Summa Avenue
Baton Rouge, Louisiana 70809

Dr. Gomes is expected to testify regarding the general and specific causation for aggravation of Brent Adkins's pre-existing condition of decreased lung function, resulting in Brent Adkins becoming disabled from gainful employment, and becoming oxygen dependent; that his work at Marathon was the cause of his deteriorating medical condition; Brent Adkin's medical history and work history, and how this relates to his current pulmonary and cardiovascular function; the reasonable and necessary medical treatment that Brent Adkins will need for the remainder of his life; past future medical expenses, and whether or not they are reasonable and necessary; the nature and extent of his illness; Brent Adkins's prognosis; an interpretation of Brent Adkin's pulmonary function tests, how the tests are performed, what the results were, what these results meant concerning Brent Adkin's pulmonary condition, and what

5

prudent and reasonable action should have been taken with respect to the test results; the nature and extent of Brent Adkins's disability and lung function.

Dr. Abdul-Khoudoud
2201 Lexington Avenue
G10
Ashland, Kentucky 41101
(606) 408-5864

Dr. Abdul-Khoudoud is a treating physician of Brent Adkins.  He expected to testify regarding Brent Adkins's health and medical condition, including his treatment for chronic respiratory and pulmonary conditions.  Dr. Abdul-Khoudoud is expected to testify that the plaintiff Brent Adkins had impaired pulmonary function, which condition worsened after being exposed to hydrogen sulfide, and whether or not the treatment was reasonable and necessary, based on Dr. Abdul-Khoudoud's own treatment of the plaintiff and the plaintiff's medical records.

Dr. Sriharsha Velury, M.D.
2001 Scioto Trail
Suite 205
Portsmouth, OH 45662
(740) 351-0454

Dr. Velury is a treating physician of Brent Adkins.  He is expected to testify regarding Brent Adkins's health and medical condition, including his treatment for chronic respiratory and pulmonary conditions.  Dr. Velury is expected to testify that Brent Adkins's condition had impaired pulmonary function, which condition worsened after being exposed to hydrogen sulfide, and whether or not the treatment was reasonable and necessary, based on Dr. Velury's own treatment of the plaintiff and the plaintiff's medical records.

Rita Adams-Slone, D.O.
Ashland Medical Group, PSC
1061 Kenwood Drive
Russell, KY 41169

(606) 833-5864

    Dr. Adams-Slone is a treating physician of Brent Adkins.  She is expected to testify regarding Brent Adkins's health and medical conditions, including his treatment for chronic respiratory and pulmonary conditions.  Dr. Slone-Adams is expected to testify that Brent Adkins's had impaired pulmonary function, which condition worsened after being exposed to hydrogen sulfide, and whether or not the treatment was reasonable and necessary, based on Dr. Adams-Slone's own treatment of the plaintiff and the plaintiff's medical records.  .

        Respectfully submitted,

*/s/ S. Reed Morgan*
ATTORNEY *(pro hac vice)*
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com

FRANKLIN G. SHAW *(pro hac vice)*
La. Bar # 1594
LEGER AND SHAW
512 E. Boston Street
Covington, Louisiana 70433
Telephone: (985) 809-6625
Facsimile: (985)809-6626
E-Mail: fshaw@legershaw.com

Aaron G Durden
10 West Monument Ave
Dayton, OH 45402
Telephone: (937) 938-1182
E-Mail: agdlawyer@aol.com
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing pleading has been served on all counsel of record to this proceeding via email this 1st day of March 2019.

Raymond L. Massey
Daniel Massey
The Massey Law Firm
Two CityPlace Drive
Suite 200
St. Louis, MO 63141
314-812-4888
Ray@themasseylawfirm.com
dan@themasseylawfirm.com


Maureen Bickley
Frost Brown Todd LLC
Great American Tower
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
(513) 651-6800
mbickley@fbtlaw.com


                                                  By: */s/ S. Reed Morgan*