UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENT A. ADKINS,     Case No. 1:17-cv-643
    Plaintiff,     Dlott, J.
            Litkovitz, M.J.

vs.

MARATHON PETROLEUM     **ORDER**
COMPANY, LP,
    Defendant.

This matter is before the Court on briefs plaintiff Brent Adkins and defendant Marathon Petroleum Company, LP (Marathon) submitted to the undersigned following an informal discovery conference held on May 7, 2018.[1] *See* Docs. 34, 37. The Court ordered the parties to address three issues related to the Industrial Hygiene (IH) studies requested by plaintiff and Plaintiff's First Request for Production of Documents (RFP) Nos. 28, 29, and 30. *See* Doc. 34-4. Those issues are: (1) the relevance of the IH studies to the litigation; (2) the specific documents Marathon has produced to date in response to RFP Nos. 28, 29, and 30; and (3) Marathon's explanation as to why it believes it is not necessary to provide any additional material to satisfy these specific document requests. *See* Doc. 37.

Plaintiff's claims in this lawsuit arise out of injuries plaintiff allegedly sustained during his employment with Marathon as a result of his purported exposure to certain products and emissions. *See* Doc. 18, Second Amended Complaint. Plaintiff alleges that while employed with Marathon from November 2008 to May 26, 2012, he worked as a crew member and American Seaman on various tugboats, and towboats operated primarily on the Mississippi and Ohio Rivers. *Id.*, ¶¶ 9, 10, 34. Plaintiff alleges that he was "negligently and chronically" exposed to $H_2S$ and other hydrocarbon emissions by Marathon over the sustained course of his employment with the

---

[1] The parties' briefs are attached to this Order.

company.  *Id.*, ¶¶ 38, 55.  Plaintiff alleges that he suffered injuries as a result of his "exposure to fumes and contact with liquid Asphalt, $H_2S$ gas, and VGO hydrocarbon fumes, heated VGO and Asphalt fumes."  Doc. 18, ¶ 72; *see also* ¶ 55.

In discovery, plaintiff has requested specified data and information related to any IH studies Marathon has performed to determine the presence of $H_2S$ gas emissions aboard its "tugboats and/or barges carrying VGO, asphalt and/or styrene" (RFP No. 28); all IH records or other writings reflecting descriptions of "the hydrocarbon type and relative concentrations of the fuels and liquid cargoes moved by [Marathon] and all results of monitoring of $H_2S$ and/or benzene exposure to crews serving on all tugboats and barges, including . . . the tugboats Plaintiff ate and slept on, including all IH studies for the time period" (RFP No. 29); and "all [IH] or other reports . . . that comment on or document the level of airborne asphalt, VGO, styrene and/or $H_2S$ fumes, and/or any other ambient chemical or hydrocarbon fumes, during the time period (RFP 30)."  *See* Doc. 34-4.

Marathon argues in its discovery brief that RFP Nos. 28, 29, and 30 request documents that are not relevant to plaintiff's claims.  Marathon alleges that plaintiff appears to request documents related to Marathon boats on which plaintiff never worked; concerning other crew members with no connection to plaintiff or his claims; having no bearing on plaintiff or the work he performed; and involving Marathon divisions with which plaintiff had no contact.  Deft. Brief, p. 9.  Marathon objects that RFP No. 28 includes no time limitation.  *Id*., p. 10.  Marathon also objects to RFP No. 30 as overbroad because it is not limited to documents related to Marathon's marine operations or to matters that have any connection to plaintiff or his work for Marathon.  *Id*.  Marathon concludes that it knows of no IH reports "for the date and location of Plaintiff's only

known incident aboard [a Marathon] vessel - the May 26, 2012 incident aboard the M/V Garyville[2] - other than those that have already been produced," and it has not located "any IH studies for the TT&R[3]/Marine division that cover the time period at issue and report on deck crew exposure to $H_2S$, other than what has been previously produced." Deft. Brief, p. 11.

Plaintiff denies that Marathon has provided the requested discovery. Plaintiff contends that Marathon can satisfy the document requests by complying with RFP Nos. 29 and 30 as initially presented and by producing documents in response to a modified version of RFP No. 28 which seeks:

> 28(a) Lab analysis on the amount of THS and $H_2S$ in the typically transported asphalt and VGO products;
>
> 28(b) For asphalt and VGO, those IH samples taken during loading and unloading and/or on the barges carrying same, whether by Marathon or a contractor firm.
>
> 28(c) The certificate of analysis for the testing performed in 28(a).
>
> 28(d) For any sampling IH reports produced in 28(b), include identity of the product tested, which should have a lab number to match any certificate of analysis.

Pltf. Brief, p. 11.

To resolve the parties' discovery dispute, the Court must look to the scope of plaintiff's claims in the litigation which, in turn, determines the scope of proper discovery. Rule 26(b) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *N.T. by and through*

---

[2] Plaintiff alleges he was unloading VGO on that date when "he became dizzy, over-heated, and he experienced shortness of breath" and was transported from work to the hospital. Doc. 18, ¶ 22.

[3] Terminal, Transport & Rail

*Nelson v. Children's Hosp. Med. Ctr.*, No. 1:13cv230, 2017 WL 5953432, at *4 (S.D. Ohio June 30, 2017).

First, there is a question here as to the relevant time period at issue. In arguing that Marathon has produced all relevant discovery documents related to the IH studies and RFP Nos. 28, 29, and 30, Marathon appears to construe plaintiff's claims as limited to a single incident which occurred on May 26, 2012, plaintiff's last day of work at Marathon, and to also construe the only relevant documentation as information that relates to the date and location of that incident. *See, e.g.*, Deft. Brief, pp. 7, 8, 11. But plaintiff's claims are not confined to an isolated workplace incident. Plaintiff alleges that he was "negligently and chronically" exposed to harmful products and emissions over the course of his employment with Marathon. Doc. 18, ¶ 55. The relevant time period for discovery purposes is therefore the entire period of time during which plaintiff performed worked for Marathon. To the extent the documents plaintiff has requested in RFP Nos. 28, 29, and 30 are otherwise relevant, Marathon must produce those documents for the period of November 2008 through May 26, 2012. *See Id.*, ¶ 9.

Second, there is an issue as to the types of products covered by plaintiff's document requests. Plaintiff has not limited the scope of his document requests to the products he has identified in the second amended complaint as the source of the harmful exposure leading to his injury. Plaintiff alleges he was injured by "exposures to fumes and contact with liquid Asphalt, $H_2S$ gas, and VGO hydrocarbon fumes, heated VGO and Asphalt fumes." *See* Doc. 18, ¶ 72; *see also* ¶ 55. The documents plaintiff has requested are relevant only insofar as they relate to these specific products and fumes to which plaintiff was allegedly exposed and which purportedly caused his injuries. Marathon must therefore produce documents in response to RFP Nos. 28, 29,

4

and 30 only to the extent the documents relate to those products identified in the second amended complaint as the cause of plaintiff's injuries.

Third, there is an issue as to whether documents that do not directly relate to plaintiff's work on specific vessels at Marathon are relevant.   Plaintiff requests documents pertaining to vessels to which he was not assigned and that he did not actually work on, such as samples and exposure levels of crew members on other vessels owned or operated by Marathon.   Information related to crew members who performed work on other vessels owned or operated by Marathon is not relevant to whether plaintiff was exposed to and injured by products and fumes on the vessels to which he was assigned.   The documents requested in RFP Nos. 28, 29, and 30 are relevant only to the extent they pertain to the vessels on which plaintiff worked.   Marathon is not required to provide documents that are unrelated to vessels to which plaintiff was assigned during his employment with the company in response to RFP Nos. 28, 29, and 30.

## IT IS THEREFORE ORDERED THAT:

(1)     Defendant Marathon shall respond to RFP No. 28, as revised by plaintiff and further limited by the terms of this Order, by providing the following documents for the time period November 2008 through May 26, 2012: (a) lab analysis on the amount of $H_2S$ and other hydrocarbon emissions of the products transported on the vessels plaintiff was assigned to from November 2008 through May 2012; (b) the IH samples for asphalt and VGO taken on the barges, and during the loading and unloading of the barges, that plaintiff worked on which carried those products; (c) the certificate of analysis for any testing performed related to these products on the vessels that plaintiff worked on; and (d) for any sampling IH reports produced in connection with the asphalt and VGO samples on the barges described in (b), the identity of the product tested,

including a lab number to match any certificate of analysis.

(2) Defendant shall respond to RFP Nos. 29 and 30 to the extent they relate to the relevant time period (November 2008 through May 26, 2012); and the relevant products identified in this Order (asphalt, VGO, $H_2S$ gas, and other hydrocarbon emissions); which were transported by the vessels to which plaintiff was assigned during his employment with Marathon.

Date: <u>May 14, 2019</u>                                                     <u>s/ Karen L. Litkovitz</u>
                                                                              Karen L. Litkovitz
                                                                              United States Magistrate Judge