# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# CIVIL DIVISION

| | |
|---|---|
| **BRENT A. ADKINS,** § | |
| Plaintiff, § | |
| § | |
| § | Case No. 1:17-cv-00643-SJD |
| v. § | |
| § | Judge Susan J. Dlott |
| **MARATHON PETROLEUM** § | |
| **COMPANY, LP,** § | |
| Defendant. § | |

### PLAINTIFF'S MOTION TO STRIKE, DEEM MATTERS ADMITTED & COMPEL RESPONSES TO WRITTEN DISCOVERY

COMES NOW Plaintiff, Brent Adkins, and brings this his Motion pursuant to the Federal Rules of Civil Procedure. This Motion is based on the pleadings, the following Memorandum in Support, and attached Exhibits.

                              Respectfully submitted,

                              /s/ *S. Reed. Morgan*

                              S. Reed Morgan
                              Attorney
                              The Carlson Law Firm
                              Texas State Bar No: 14452300
                              100 E. Central Texas Expy
                              Killeen, TX 76541
                              Telephone: (800) 359-5690
                              Facsimile: (254) 526-8204
                              E-Mail: rmorgan@carlsonattorneys.com


                              and

                              Franklin G. Shaw, La.
                              Bar # 1594
                              Leger & Shaw
                              512 E. Boston Street

        Covington, Louisiana 70433
        Telephone: 985-809-6625
        Facsimile: 985-809-6626
        Email: fshaw@legershaw.com

and

Aaron G Durden
10 West Monument Ave
Dayton, OH 45402
Telephone: 937-938-1182
Email: agdlawyer@aol.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing pleading has been served on all counsel of record via this Court's ECF system this 22nd day of July, 2019.

| | |
|---|---|
| Raymond L. Massey | Maureen Bickley |
| Dan Massey | Frost Brown Todd LLC |
| The Massey Law Firm | Great American Tower |
| Two City Place Drive | 301 East Fourth Street, Suite 3300 |
| Suite 200 | Cincinnati, OH 45202 |
| St. Louis, MO 63141 | (513) 651-6800 |
| 314-812-4888 | mbickley@fbtlaw.com |
| Ray@themasseylawfirm.com | |
| dan@themasseylawfirm.com | |

        /s/ *S. Reed. Morgan*

**MEMORANDUM**

**A. Responses to Plaintiff's Fifth Request for Production.**

Defendant's Responses to Plaintiff's Fifth Request for Production ("Exhibit 1A") present numerous objections that are without merit and without legal bases. Defendant's Responses to Request Nos. 1- 48 contain the following improprieties:

a) Objections asserting that words or phrases as used in the plaintiff's requests are "vague and ambiguous" without factual bases;

b) Failing to identify with specificity the responsive documents by use of the qualifier "…including but not limited to…", or "…see the various documents…", or other similarly references to production which lack specificity;

c) Objections on the basis that a request is "unlikely to lead to discovery of admissible evidence";

d) Objections setting forth without authority that employee information is "protected from disclosure";

e) Responses failing to identify or produce employee job applications, resumes, and other documents related to the scope of MPC employees' work; and

f) With regard to Request Nos. 46-47, objections asserting the requests are "overly broad, unduly burdensome" without authority or factual bases.

Defendants answers and objections have no basis in the law. The Federal Rules of Civil Procedure are anathema to such blatant use of boilerplate objections and responses, and Defendant's Responses fail to adequately respond to Plaintiff's discovery requests with meritorious responses or objections. Defendant has presented little if any reason for why it

3

objects on its stated grounds, and fail to produce responsive material which is on its face discoverable under Federal Rule of Civil Procedure 26.

### B. Defendant's Responses to Plaintiff's Second and Third Requests for Admission.

As with Defendant's Responses to Plaintiff's Fifth Request for Production, nearly all Defendant's Responses to Plaintiff's Second and Third Requests for Admission ("Exhibit 1B" & "Exhibit 1C", respectively) allege that the request is "vague and ambiguous" but fails to define how or why with adequate specificity. Similar boilerplate contentions are iterated throughout regarding the Plaintiff's Requests for Admissions as "harassing, argumentative, and improper" under the Federal Rules of Civil Procedure without substantive explanation, but only with unsupported references to being beyond the scope of Rule 36. On the contrary to Defendant's assertions, Plaintiff's Request for Admissions are relevant to the claims and defenses of the plaintiff and the defendant because they are relevant to the production of documents which show, and which tend to show, evidence of the plaintiff's specific and cumulative exposures to hydrocarbon fumes during his employment at Marathon Petroleum Company, and Defendant's production, or lack thereof, of relevant documentation of the plaintiff and other workers' exposures is direct evidence of material issues that bear on the plaintiff's claim(s).

### C. Applicable Law

Objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. *Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 97 Fed. R. Serv. 3d 380 (N.D. Tex. 2017). It is not sufficient for the respondent to submit a laundry list of reasons for refusing production of various documents. *Harris v. U.S.*, 121 F.R.D. 652 (W.D. N.C. 1988). General objections to discovery requests for the production of documents, without more, do not satisfy the burden of the responding party

4

under the Federal Rules of Civil Procedure to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits. *Wellin v. Wellin*, 211 F. Supp. 3d 793 (D.S.C. 2016). *Hager v. Graham*, 267 F.R.D. 486 (N.D. W. Va. 2010). Thus, merely asserting boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, et cetera, without specifying how each request for production is deficient and without articulating the particular harm that would accrue if the responding party were required to respond to the proponent's discovery requests is not adequate to voice a successful objection. *Autoridad de Carreteras y Transportacion v. TransCore Atlantic, Inc.*, 2017 WL 1049574 (D.P.R. 2017). A party resisting discovery must show specifically, by submitting affidavits or offering evidence revealing the nature of the burden, how each document request is overly broad, unduly burdensome, or oppressive. *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014). When faced with general objections to discovery, the applicability of which to specific document requests is not explained further, the district court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds. *Jackson v. CCA of Tennessee, Inc.*, 254 F.R.D. 135, 71 Fed. R. Serv. 3d 1614 (D.D.C. 2008).  See also Raising objections to request for production or inspection, 10A Fed. Proc., L. Ed. § 26:597.

 Similarly, Federal Rule of Civil Procedure 36(a)(6) provides that "The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."  The aforementioned authority supports Plaintiff's contentions that the defendant's objections are not meritorious because they lack specificity as to their legal or factual bases.

**D. Conclusion**

Defendant's responses to Plaintiff's discovery requests are improper and unresponsive. Accordingly, Plaintiff requests that this Court issue an Order striking Defendant's objections and responses, and deem matters admitted, and compelling production of responsive documents, all as more fully set forth in the attached Proposed Order.