IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CIVIL DIVISION

| | |
|---|---|
| BRENT A. ADKINS, | : |
| Plaintiff, | : |
| vs. | : Case No. 1:17-CV-00643-SJD |
| MARATHON PETROLEUM COMPANY, LP, | : Judge Susan J. Dlott |
| Defendant. | : |

### MARATHON PETROLEUM COMPANY LP'S RESPONSES TO PLAINTIFF'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant, Marathon Petroleum Company LP ("MPC"), by and through the undersigned counsel, and responds to Plaintiff's Fifth Request for Production of Documents as follows:

1. Any and all documents pertaining to Defendant's heat-related illness training program, (Course OSHWP200 "WBT Heat-Related Illness") on which the plaintiff was allegedly given instruction or education on or about May 24, 2012.

    RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above. Subject to and without waiving this objection, and assuming that Plaintiff is referring to course OSHSWP200, WBT Heat-Related Illness, please see MPC-Adkins00012263 – 12329.

2. Any and all documents pertaining to Defendant's SCBA Maintenance and Operations training program, (Course OSHPPE032 "Scott SCBA Maintenance & Operations") on which the plaintiff allegedly was given instruction or education on or about March 30, 2012.

    RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above. Subject to and without waiving this objection, please see the Scott Health and Safety ISCBA Operation and Maintenance Video previously produced in the case.

3. Any and all documents pertaining to Defendant's North Safety Air Purifying respirator training program, (Course OSHPPE035 "North Safety Air Purifying Respirator") on which the plaintiff was allegedly given instruction or education on or about March 30, 2012.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above. Subject to and without waiving this objection, please see the North Safety Products video previously produced in the case.

4. Any and all documents pertaining to Defendant's H2S Monitor training programs, (Course SAFPOL100 "H2S Monitor Training") on which the plaintiff was allegedly given instruction or education on or about March 29, 2012.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, this was an instructor-led course for which there appears to be no documents. For other H2S monitor training, please see the various H2S monitor and training documents that have been produced, including but not limited to those at MPC-Adkins00004664 – 4674, 4967, 7037 – 7178, and 10563 – 10671.

5. Any and all documents pertaining to Defendant's Half Face 6000 series respirator training programs, (Course OSHPPE040 "Half face 6000 series") on which the plaintiff was allegedly given instruction or education on or about December 02, 2011.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, please see the 3M Half Facepiece Respirator video previously produced in the case.

6. Any and all documents pertaining to Defendant's H2S Awareness training programs, (Course OSHJSR "WBT H2S Awareness") on which the plaintiff was allegedly given instruction or education on or about October 26, 2011.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, and assuming that Plaintiff is referring to course OSHJSR160, please see MPC-

2

Adkins00007037 – 7178, as well the other documents produced in the case relating to H2S safety and awareness.

7. Any and all documents pertaining to Defendant's PPE Awareness training programs, (Course OSHPPE "WBT PPE Awareness") on which the plaintiff was allegedly given instruction or education on or about August 24, 2011.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, and assuming that Plaintiff is referring to course OSHPPE010, please see the various previously produced documents relating to personal protective equipment awareness, including but not limited to those at MPC-Adkins00007699 – 7789.

8. Any and all documents pertaining to Defendant's Hazard communication training programs, (Course "WBT PPE Awareness") on which the plaintiff was allegedly given instruction or education on or about August 24, 2011.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, and assuming that Plaintiff is referring to course OSHWPH070, please see the various previously produced documents in the case relating to hazard communication, including but not limited to those at MPC-Adkins00007179 – 7551.

9. Any and all documents pertaining to Defendant's Tank Barge 101 training programs, (Course TECMAR125 "Tank Barge 101 Training") on which the plaintiff was allegedly given instruction or education on or about April 07, 2011.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, please see the various previously produced documents relating to MPC's tank barge training programs, including but not limited to MPC-Adkins00007824 – 8038, 11964 – 11987 and the following Tank Barge 101 training presentations: Heater Barge Burner, Tankerman Electrical Training, Tankerman Mechanics Training, and Tankerman Operations Training.

3

10. Any and all documents pertaining to Defendant's SCBA Maintenance and Operations training program, (Course OSHPPE032 "Scott SCBA Maintenance & Operations") on which the plaintiff was allegedly given instruction or education on or about March 24, 2011.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above. Subject to and without waiving this objection, please see the Scott Health and Safety ISCBA Operation and Maintenance Video previously produced in the case.

11. Any and all documents pertaining to Defendant's North Safety Air Purifying respirator training programs, (Course OSHPPE035 "North Safety Air Purifying Respirator") on which the plaintiff was allegedly given instruction or education on or about March 24, 2011.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving this objection, please see the North Safety Products video previously produced in the case.

12. Any and all documents pertaining to Defendant's H2S Awareness training programs, (Course OSHJSR "WBT H2S Awareness") on which the plaintiff was allegedly given instruction or education on or about December 09, 2010.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, and assuming that Plaintiff is referring to course OSHJSR160, please see the various previously produced documents relating to H2S safety and H2S awareness, including but not limited to MPC-Adkins00007037 – 7178.

13. Any and all documents pertaining to Defendant's Hazwoper training programs, (Course OSHHAZ030 "WBT Hazwopper Operations Level") on which the plaintiff was allegedly given instruction or education on or about December 09, 2010.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, and assuming that Plaintiff is strictly requesting material for course

4

OSHHAZ030 and not other hazwoper courses, please see the various documents produced in the case relating to Hazwoper Operations.

14. Any and all documents pertaining to Defendant's PPE awareness training programs, (Course "WBT PPE Awareness") on which the plaintiff was allegedly given instruction or education on or about October 13, 2010.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, and assuming that Plaintiff is referring to course OSHPPE010, please see the various previously produced documents relating to personal protective equipment awareness, including those at MPC-Adkins00007699 – 7789.

15. Any and all documents pertaining to Defendant's Hazard communication training programs, (Course "WBT Hazard Communication") on which the plaintiff was allegedly given instruction or education on or about October 13, 2010.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, and assuming that Plaintiff is referring to course OSHWPH070, please see the various previously produced documents relating to hazard communication, including but not limited to MPC-Adkins00007179 – 7551.

16. Any and all documents pertaining to Defendant's Hazwopper Awareness training programs, (Course OSHHAZ020 "WBT Hazwopper Awareness Level") on which the plaintiff was allegedly given instruction or education on or about March 28, 2011.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, and assuming that Plaintiff is strictly requesting material for course OSHHAZ020 and not other hazwoper courses, please see the various documents produced in the case relating to Hazwoper Awareness.

17. Any and all documents pertaining to Defendant's heat-related illness training program, (Course OSHWP200 "WBT Heat-Related Illness") on which the plaintiff was allegedly given instruction or education on or about March 28, 2011.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above. Subject to and without waiving this objection, and assuming that Plaintiff is referring to course OSHSWP200, WBT Heat-Related Illness, please see MPC-Adkins00012263 – 12329.

18. Any and all documents pertaining to Defendant's benzene training program, (Course OSHJSR130 "WBT Benzene Awareness") on which the plaintiff was allegedly given instruction or education on or about March 17, 2010.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and "Defendant's benzene training program." Subject to and without waiving these objections, please see the WBT Benzene Awareness material previously produced in the case, including at MPC-Adkins00010335 – 10346.

19. Any and all documents pertaining to Defendant's Tank Barge Dangerous liquid training program, (Course TECMAR160 "Tank Barge Dangerous Liquids") on which the plaintiff was allegedly given instruction or education on or about April 15, 2010.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above, and "Defendant's Tank Barge Dangerous liquid training program." MPC further objects to this request to the extent that it assumes that the training program referenced above was a Marathon training program or was limited to or occurred only on one day.
>
> Subject to and without waiving these objections, Plaintiff appears to have completed the training referenced above at Kirby Marine's Channelview, TX facility over a two-week period in April 2010. By way of further response, MPC understands that Plaintiff failed to retain any of the materials he received from this third-party training, and he has not produced any such materials to date.

20. Any and all documents pertaining to Defendant's Hazwopper Awareness training programs, (Course OSHHAZ030 "WBT Hazwopper Awareness Level") on which the plaintiff was allegedly given instruction or education on or about November 04, 2009.

6

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, and assuming that Plaintiff is strictly requesting material for course OSHHAZ020 and not other hazwoper courses, please see the various documents produced in the case relating to Hazwoper Awareness.

21. Any and all documents pertaining to Defendant's Half Face 6000 series respirator training programs, (Course OSHPPE040 "Half face 6000 series") on which the plaintiff was allegedly given instruction or education on or about November 04, 2011.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. MPC further objects to this request to the extent that it mischaracterizes or inaccurately sets forth Plaintiff's training history.

Subject to and without waiving these objections, based on the Plaintiff's VTA Employee Detail Report (at MPC-Adkins00002431, *et seq*.), it does not appear that Plaintiff received training regarding the Half Face 6000 series respirator on November 4, 2011.

22. Any and all documents pertaining to Defendant's PPE Awareness training programs, (Course OSHPPE010 "WBT PPE Awareness") on which the plaintiff was allegedly given instruction or education on or about September 19, 2009.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, please see the various previously produced documents relating to personal protective equipment awareness, including those at MPC-Adkins00007699 – 7789.

23. Any and all documents pertaining to Defendant's Hazard communication training programs, (Course OSHWPH070 "WBT PPE Awareness") on which the plaintiff was allegedly given instruction or education on or about September 19, 2009.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. In addition, MPC objects to this request as being ambiguous and as mischaracterizing MPC training programs in that it references "Defendant's Hazard communication training programs" as being the subject of the request while providing a course identifier and title for a different training course (OSHWPH070,

7

"WBT PPE Awareness"). Subject to and without waiving these objections, please see the various training material produced relating to hazardous communication training and personal protective equipment awareness.

24. Any and all documents pertaining to Defendant's benzene training program, (Course OSHJSR130 "WBT Benzene Awareness") on which the plaintiff was allegedly given instruction or education on or about March 12, 2009.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and "Defendant's benzene training program." Subject to and without waiving these objections, please see the WBT Benzene Awareness material previously produced in the case, including at MPC-Adkins00010335 – 10346.

25. Any and all documents pertaining to Defendant's Deckhand Operations training program, (Course MARTEC130 "Deckhands Operation Training") on which the plaintiff was allegedly given instruction or education on or about November 14, 2008.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above. Subject to and without waiving these objections, please see the various previously produced documents in the case relating to MPC's deckhand operations training, including but not limited to MPC-Adkins00006966 – 7036, 11851 – 11963, and the Deckhand Operations Training presentations related to the following: Communications & Signals, Introduction to Tow Work, Introduction to Tools & Equipment, Life on the River, Locks, Terminology, and Vessel Orientation.

26. Any and all documents pertaining to Defendant's Employee HES&S Responsibilities training program, (Course "Employee HES&S Responsibilities Stand") on which the plaintiff was allegedly given instruction or education on or about November 05, 2008.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above. Subject to and without waiving these objections, please see the various health and environmental safety and security documents that have been produced in the case, and which contain content similar to that on which Plaintiff was provided instruction.

27. Any and all documents pertaining to Defendant's North Safety Air Purifying respirator training program, (Course OSHPPE035 "North Safety Air Purifying Respirator") on which the plaintiff was allegedly given instruction or education on or about November 05, 2008.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving this objection, please see the North Safety Products video previously produced in the case.

28. Any and all documents pertaining to Defendant's Half Face 6000 series respirator training programs, (Course OSHPPE040 "Half face 6000 series") on which the plaintiff was allegedly given instruction or education on or about November 05, 2008.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, please see the 3M Half Facepiece Respirator video previously produced in the case.

29. Any and all documents pertaining to Defendant's PPE Awareness training programs, (Course OSHPPE050 "PPE Awareness MOP M-26") on which the plaintiff was allegedly given instruction or education on or about November 04, 2008.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course date. Subject to and without waiving these objections, please see the various previously produced documents in the case relating to personal protective equipment awareness training, including those at MPC-Adkins00007692 – 7698.

30. Any and all documents pertaining to Defendant's H2S monitor training programs, (Course TECMEC "H2S Monitor Training") on which the plaintiff was allegedly given instruction or education on or about November 04, 2008.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "documents pertaining to" in the context used above and by the plural reference to "programs" together with a specific course and date. Subject to and without waiving these objections, and assuming that Plaintiff is referring to course TECMEC125, this was an

9

instructor-led course for which there are no documents. For other H2S monitor training and documents which may pertain to MPC's various H2S monitor training programs, please see the various H2S monitor and training documents that have been produced, including but not limited to those at MPC-Adkins00004664 – 4674, 4967, 7037 – 7178, and 10563 – 10671.

31. Any and all documents regarding Shelia Webb's job application.

RESPONSE: MPC objects to this request in that "documents regarding Sheila Webb's job application" in the context used above is vague and ambiguous. MPC further objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information protected from disclosure.

32. Any and all documents regarding Shelia Webb's job description, and documented responsibility to the job.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "regarding Shelia Webb's job description" and "documented responsibility to the job." MPC further objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that is requests confidential employee information protected from disclosure. Subject to and without waiving these objections, Sheila Webb worked for MPC's Marine Division at relevant times as a Registered Nurse.

33. A copy of Shelia Webb's resume.

RESPONSE: MPC objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information protected from disclosure. Subject to and without waiving these objections, MPC does not typically maintain resumes of former employees.

34. Any and all documents regarding Jim Lavelle's job application.

RESPONSE: MPC objects to this request in that "documents regarding Jim Lavelle's job application" in the context used above is vague and ambiguous. MPC further objects to this request in that it requests confidential employee information protected from disclosure and is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, please see the deposition of James Lavelle, taken on or about February 20, 2019.

35. Any and all documents regarding Jim Lavelle's job description, and documented responsibility to the job.

RESPONSE: MPC objects to this request in that "documents regarding Jim Lavelle's job description" and "documented responsibility to the job" are vague and ambiguous. MPC

further objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information protected from disclosure.

Subject to and without waiving these objections, Mr. Lavelle worked for MPC at relevant times as a Physician's Assistant, although he is now retired. Further responding, please see the deposition of James Lavelle, taken on or about February 20, 2019, which contains testimony setting forth Mr. Lavelle's job description and "responsibility to the job."

36. A copy of Jim Lavelle's resume.

RESPONSE: MPC objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information protected from disclosure. MPC further objects to this request to the extent that it is duplicative or cumulative of other written discovery in the case, such as request for production number 4.c. attached to Plaintiff's Rule 30(b)(6) deposition notice.

Subject to and without waiving these objections, MPC does not typically maintain resumes of former employees. By way of further response, please see the deposition of James Lavelle, taken on or about February 20, 2019, which contains testimony setting forth aspects of Mr. Lavelle's educational and professional history, experience, and qualifications.

37. Any and all documents regarding Monica Bush's job application.

RESPONSE: MPC objects to this request in that "documents regarding Monica Bush's job application" in the context used above is vague and ambiguous. MPC further objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information protected from disclosure.

38. Any and all documents regarding Monica Bush's job description, and documented responsibility to the job.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "regarding Monica Bush's job description" and "documented responsibility to the job." MPC further objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that is requests confidential employee information protected from disclosure. Subject to and without waiving these objections, Monica Bush formerly worked for MPC's Marine Division at as a Nurse Practitioner.

39. A copy of Monica Bush's resume.

RESPONSE: MPC objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information

11

protected from disclosure. Subject to and without waiving these objections, MPC does not typically maintain resumes of former employees.

40. Any and all documents regarding Jennifer Boggs's job application.

RESPONSE: MPC objects to this request in that "documents regarding Jennifer Boggs's job application" in the context used above is vague and ambiguous. MPC further objects to this request in that it requests confidential employee information protected from disclosure and is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, please see the deposition of Jennifer Boggs, taken on or about June 12, 2019.

41. Any and all documents regarding Jennifer Boggs's job description, and documented responsibility to the job.

RESPONSE: MPC objects to this request in that "documents regarding Jennifer Boggs's job description" and "documented responsibility to the job" are vague and ambiguous. MPC further objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information protected from disclosure.

Subject to and without waiving these objections, Ms. Boggs is employed by MPC as a Senior Occupational Health Nurse. Further responding, please see the deposition of Jennifer Boggs, taken on or about June 12, 2019.

42. A copy of Jennifer Boggs's resume.

RESPONSE: MPC objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information protected from disclosure.

Subject to and without waiving these objections, MPC does not typically maintain resumes of its employees in company files. By way of further response, please see the deposition of Jennifer Boggs, taken on or about June 12, 2019, which contains testimony setting forth aspects of Ms. Boggs' educational and professional history, experience, and qualifications.

43. Any and all documents regarding Ronda Bloss's job application.

RESPONSE: MPC objects to this request in that "documents regarding Ronda Bloss's job application" in the context used above is vague and ambiguous. MPC further objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information protected from disclosure.

44. Any and all documents regarding Ronda Bloss's job description, and documented responsibility to the job.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "regarding Ronda Bloss's job description" and "documented responsibility to the job." MPC further objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that is requests confidential employee information protected from disclosure. Subject to and without waiving these objections, and assuming Plaintiff is referring to Rhonda Bloss, Ms. Bloss formerly worked for MPC's Marine Division as a Registered Nurse.

45. A copy of Ronda Bloss's resume.

RESPONSE: MPC objects to this request in that it is unlikely to lead to the discovery of admissible evidence and to the extent that it requests confidential employee information protected from disclosure. Subject to and without waiving these objections, and assuming Plaintiff is referring to Rhonda Bloss, MPC does not typically maintain resumes of former employees.

46. With respect to the 142-page document, bates stamped MPC-Adkins00010579-10719, produce the following:

a. The root (core) documents that show the work done by Marathon or others to generate the data in the document for each page.

b. The IH reports that were written in connection with the data produced in the aforesaid sheets.

c. Recommendations for reducing exposure registered in the document MPC-Adkins00010579-10719.

RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "root (core) documents," "show the work done by Marathon or others," "generate the data in the document for each page," "IH reports," "written in connection with the data produced in the aforesaid sheets," "[r]ecommendations for reducing exposure registered." MPC further objects to this request in that it is overly broad, unduly burdensome, unlikely to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Subject to and without waiving these objections, please see the sampling data that has been produced, as well as the testimony and exhibits from the deposition(s) of MPC's corporate

13

representatives. By way of further response, and assuming Plaintiff is using the term "IH reports" in the same context as he has used it in the case previously, no such "IH reports" were prepared. In addition, the monitoring data showed nearly all readings to be within regulatory limits and industry guidelines, and below, oftentimes far below, levels at which there are significant risks for adverse health effects.

47. With respect to MPC-Adkins0000066, & MPC-Adkins00000068, produce all shoreside measurements of H2S data taken that day relating to H2S.

RESPONSE: MPC objects to this request as being vague and ambiguous by its reference to "[w]ith respect to MPC-Adkins0000066, & MPC-Adkins00000068," "shoreside measurements of H2S data," "taken that day," and "relating to H2S." MPC further objects to this request as being overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence in that it appears to request "shoreside" air monitoring data, which has nothing to do with Plaintiff or his claims. In addition, MPC objects to Plaintiff's mischaracterization of the purpose of the H2S readings at issue.

Subject to and without waiving these objections, and assuming that Plaintiff is referring to certain portions of the MPC North Bend Asphalt Terminal Barge Time Logs for May 25, 2012 and May 26, 2012, these readings appear to have been taken on the barges, as indicated on the documents themselves and by the testimony of various witnesses, and are not "shoreside" readings. By way of further response, these readings were not taken or recorded for the purpose of data collection, but rather as a prophylactic safety measure.

48. For the following request No. 48(a-m), refer to the Plaintiff's Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6). Relative to YOUR documentation, existing during the TIME FRAME, regarding YOUR safety management, procedures, audits, etc. as specifically defined below:

a. The Marathon Safety Management System documentation written to comply with 33 C.F.R. § 96.230 [SMS means safety management system, as defined in 33 CFR Section 96.120]

b. All of YOUR SMS documents for the program in use during the TIME FRAME, and the current version of this document.

c. The SMS audits done during the TIME FRAME, and/or that cover the root cause of Plaintiff's injury of May 26, 2012, any contributory causes, any and all corrective action reports

14

generated according to the SMS document and audits. [Section 1.4.4 and 1.4.6 if YOU have implemented a SMS].

      d.      The "Responsible Carrier Manual" or any similar type manual for the "TIME FRAME."

      e.      Any and all of YOUR safety manuals, safety CD's, videos, manuals, and instructional/training materials YOU used for safety training and safety instructions of workers handling liquid cargoes during the "TIME FRAME." Also include instructions on hazardous materials handling and use, and cargo operations, for the TIME FRAME.

      f.      YOUR Marine – Benzene Exposure Control Program.

      g.      YOUR TNLHES008 Hydrogen Exposure Control Program.

      h.      All documents of a hazardous materials communication and awareness program implemented and/or used by Defendant during the TIME FRAME.

      i.      Cargo Knowledge/Hazard Awareness documents required for all tankermen and deckhands.

      j.      Tank Barge Safety Training, required for all tankermen, deckhands and trainees.

      k.      Cargo Loading and Unloading Procedures, required for all tankermen.

      l.      Hazard Communication (Right to Know), required for all tankermen.

      m.      The predecessor document to the May 11, 2012 Marine Respiratory Protection Process document.

> RESPONSE: MPC objects to this request in that it is vague and ambiguous by its reference to "safety management, procedures, audits, etc.," "Marathon Safety Management System documentation," "SMS documents," "the program," "SMS audits," "Responsible Carrier Manual," and "similar type manual," among other things, as well as what is meant by its reference to "refer to the Plaintiff's Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6)." MPC further objects to this request in that it misstates and mischaracterizes MPC's safety-related obligations, misstates or mischaracterizes MPC's manner of complying with relevant safety-related recommendations and requirements, and in that it

sets forth or refers to regulatory authorities that do not apply to MPC components at issue in this lawsuit, or that are otherwise inapplicable. In addition, MPC objects to this request to the extent that it is overly broad, not reasonably limited to the types of activity or activities at issue in this lawsuit, and duplicative and cumulative of other discovery in that this request is identical to request for production number 7 attached to Plaintiff's Rule 30(b)(6) deposition notice.

Subject to and without waiving these objections, please see MPC's prior discovery responses, and the documents previously produced in the case relating to or concerning the subjects referenced herein, including the following:

MPC-Adkins00002431 – 2436, 4966 – 4967, 5042 – 5043, 5044 – 5204, 6909 – 6918, 6966 – 8038 (for various safety and training documents and materials);

MPC-Adkins00004795 – 4800, 6926 – 6931, 10335 – 10346 (for certain benzene-related materials);

MPC-Adkins00004804 – 4810, 4664 – 4674, 4967, 7037 – 7178, 10563 – 10671 (for certain hydrogen sulfide-related materials);

MPC-Adkins00004850 – 4874, 7179 – 7551 and various MSDSs and other hazard communication documents and materials (for various hazardous materials communication and awareness documents and materials); and

MPC-Adkins0004755 – 4784, 4834 – 4849, 4877 – 4891, 4913 – 4959, 2182 – 2221, 7824 – 8038 (for various loading, unloading, tankering, operations, and other barge and cargo procedures).

In addition, please also see MPC-Adkins00011474 – 11491, 4811 – 4820, 4875 – 4876, and 6940 – 6949, MPC's previous discovery responses, including MPC's Responses to Plaintiff's First Request for Production, Nos. 13 – 20, 24, 27, 33, as well as the transcripts comprising MPC's Rule 30(b)(6) deposition and the associated exhibits.

Respectfully submitted,

| | |
|---|---|
| /s/ Daniel L. Massey<br>Raymond L. Massey<br>Daniel L. Massey<br><br>THE MASSEY LAW FIRM, LLC<br>Two CityPlace Drive, Suite 200<br>St. Louis, MO 63141<br>(314) 812-4888<br>(314) 812-2505 (fax)<br>ray@themasseylawfirm.com<br>dan@themasseylawfirm.com<br><br>Admitted *Pro Hac Vice* | Maureen A. Bickley (0085075)<br><br>FROST BROWN TODD LLC<br>Great American Tower<br>301 East Fourth Street, Suite 3300<br>Cincinnati, OH 45202<br>(513) 651-6800<br>(513) 651-6981 (fax)<br>mbickley@fbtlaw.com<br><br>*Trial Counsel for Defendant*<br>*Marathon Petroleum Company LP* |

## CERTIFICATE OF SERVICE

I certify that the foregoing was sent via electronic mail as a pdf to the following counsel of record in this matter on July 17, 2019, and also via U.S. Mail as indicated below.

Mr. S. Reed Morgan
The Carlson Law Firm
100 E. Central Texas Expy.
Killeen, TX 76541
rmorgan@carlsonattorneys.com
rmtrialfirm@gmail.com

Mr. Alexander McSwain
amcswain@carlsonattorneys.com
(*via electronic mail only*)

Mr. Franklin Shaw
fshaw@legershaw.com
(*via electronic mail only*)

Mr. Aaron G. Durden
agdlawyer@aol.com
(*via electronic mail only*)

/s/ Daniel L. Massey

17