IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CIVIL DIVISION

| | |
|---|---|
| **BRENT A. ADKINS,** §<br>**Plaintiff,** §<br>§<br>§<br>**v.** §<br>§<br>**MARATHON PETROLEUM** §<br>**COMPANY, LP,** §<br>**Defendant.** § | Case No. 1:17-cv-00643-SJD<br><br>Judge Susan J. Dlott |

**PLAINTIFF'S MOTION TO COMPEL ENTRY ON LAND**

COMES NOW Plaintiff Brent Adkins and respectfully requests this Court to Compel Defendant Marathon Petroleum Company, LP ("MPC") to permit the plaintiff's entry on land and inspection thereof as permitted under Federal Rule of Civil Procedure 34(a)(2). In support thereof, Plaintiff submits this Motion, and accompanying Memorandum, and exhibits.

Respectfully submitted,

/s/ *S. Reed. Morgan*

S. Reed Morgan
Attorney
The Carlson Law Firm
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com

and

Franklin G. Shaw, La.
Bar # 1594

1

Leger & Shaw
512 E. Boston Street
Covington, Louisiana 70433
Telephone: 985-809-6625
Facsimile: 985-809-6626
Email: fshaw@legershaw.com

and

Aaron G Durden
10 West Monument Ave
Dayton, OH 45402
Telephone: 937-938-1182
Email: agdlawyer@aol.com
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing pleading has been served on all counsel of record via this Court's ECF system this 22nd day of July, 2019.

| | |
|---|---|
| Raymond L. Massey | Maureen Bickley |
| Dan Massey | Frost Brown Todd LLC |
| The Massey Law Firm | Great American Tower |
| Two City Place Drive | 301 East Fourth Street, Suite 3300 |
| Suite 200 | Cincinnati, OH 45202 |
| St. Louis, MO 63141 | (513) 651-6800 |
| 314-812-4888 | mbickley@fbtlaw.com |
| Ray@themasseylawfirm.com | |
| dan@themasseylawfirm.com | |

/s/ *S. Reed. Morgan*

# MEMORANDUM

### A. Procedural Background

On April 17, 2019 Plaintiff served on Defendant MPC a Notice to Enter Upon Land ("Exhibit 2A") requesting entry upon MPC's North Bend terminal and barge(s) located there, and describing with particularity the person, times, and reasons for the requested inspection of a barge loading. On May 17, 2019, Defendant MPC served on Plaintiff Responses and Objections to his request detailing reasons why entry and inspection would not be permitted. ("Exhibit 2B"). Plaintiff now brings the instant motion to Compel the Defendant to permit his representatives to enter onto the property and barges at the North Bend Terminal and to inspect the premises for the reasons set forth below.

### B. Plaintiff is permitted entry and inspection under Rule 34(a)(2).

At the heart of Plaintiff's Request for Entry is that he be permitted, through representatives to perform an inspection of the type of barge upon which Plaintiff worked, to photograph the deck area, flanges, and hatch covers. This is necessary so that jurors can see where plaintiff must be to do his work, and where he would have been exposed to hydrocarbon vapors and fumes.

Federal Rule of Civil Procedure 34(a)(2) provides that "A party may serve on any other party a request within the scope of Rule 26(b) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test or sample the property or any designated object or operation on it." While parties' rights to enter and inspect under Rule 34 are not necessarily governed as absolutely under the general discoverability standard, so long as the information

3

sought by entry and inspection is discoverable, and aids in the search for the truth, it is permissible under the rules. *See Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904 (4th Cir. 1978) (rule concerning production of documents and tangible things as well as inspection of premises is governed by standards of Rule 26(b) of these rules concerning showing of relevancy of desired discovery to cause of action, but request for inspection of premises is not necessarily governed by such general relevancy standard, and degree to which proposed inspection will aid in search for truth must be balanced against burdens and dangers created by inspection). *But see Morales v. Turman,* 59 F.R.D. 157, 158 (E.D. Tex. 1972), citing Wright & Miller ("Entry upon land for a variety of discovery purposes under Rule 34 is not unusual."); *Dow Chemical Co. v. Monsanto Co.*, 256 F. Supp. 315 (S.D. Ohio 1966). (Plaintiff permitted to inspect process practiced at defendant's plant to ascertain if it infringed plaintiff's patent.); *Cox v. E. I. Du Pont de Nemours & Co.*, 38 F.R.D. 396 (D.S.C. 1965). (Plaintiff permitted to enter building of defendant to inspect, measure, and photograph instruments contained there).

While ultimately it is within the discretion of the Court, site inspection is usually permitted the specific location relates to the subject matter of the cause of action. *Welzel v. Bernstein*, 233 F.R.D. 185, 186 (D.D.C. 2005) citing *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. at 72 (holding that American company was entitled to inspect premises of Iranian dairy facility because valuation of the facility was key to determining whether the Iranian government had expropriated the American company's equity interest in the facility); and *Minnesota Mining and Mfg. Co., Inc. v. Nippon Carbide Indus. Co., Inc.*, 171 F.R.D. 246, 248–49 (D.Minn.1997) (holding that inspection of one of defendant's manufacturing plants was justified upon the theory that a physical inspection of the plant was the most efficient means of determining whether or not defendant had infringed upon one of plaintiff's patented processes

and noting further that one of the central issues in the case was not just the manufacturing process but also the qualitatively subjective language used to describe the process); and *Eirhart v. Libbey–Owens–Ford Co.*, 93 F.R.D. 370, 371 (N.D.Ill.1981) (holding that plaintiff in Title VII action was entitled to inspect production line at one of defendant's factories because cause of action was based on allegations that defendant's height and weight requirements discriminated unlawfully against female applicants).

Here, the entry on land and the inspection and measurement of the barge is directly related to the subject matter of the action. The location and relative distance of the plaintiff's person to the barge and deck areas, the hatch covers, sight glasses, and the other appurtenances of the barge and its proximity to the loading area where hydrocarbons were being loaded when his precipitous decline in health became apparent is direct, relevant evidence that must be procured in order to assist the trier of fact in the determination of the plaintiff's claims against MPC. Miniscule variances in distance and position will alter the amount and rate of exposure to H2S. Deposition of Chuck Adkins, May 21, 2019 22:12-17. Discovery of measurement and inspection are therefore imperative in resolving the plaintiff's claims.

### C. Conclusion

Plaintiff respectfully requests that this Court Order the defendant Marathon Petroleum Company, LP to permit Plaintiff's Entry and Inspection on the defendant's land and barge(s), as set forth in the Plaintiff's Proposed Order accompanying this Motion.