**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRENT A. ADKINS,

     Plaintiff,

         v.

MARATHON PETROLEUM
COMPANY LP,

     Defendant.

Case No. 1:17-cv-643

JUDGE DOUGLAS R. COLE

## <u>OPINION AND ORDER</u>

In a December 19, 2025 Order, the Court denied Plaintiff Brent A. Adkins'
request that the Court reconsider its earlier ruling that this case does not include a
Jones Act maintenance-and-cure claim. (Doc. 193). But the Court offered Adkins an
opportunity to brief an issue he had raised in passing in that motion for
reconsideration—namely, whether Adkins may be entitled to a jury trial on the
remaining general maritime law (GML) maintenance-and-cure claim that is part of
this suit. (*Id.* at #10439). At a follow-up telephonic status conference on February 25,
2026, the Court again directed Adkins to submit a brief on that issue if he wished the
Court to consider the matter. (2/25/26 Min. Entry). Adkins has now done so. (Doc.
194). For the reasons discussed below, the Court **DENIES** Adkins' Motion for a Jury
Trial (Doc. 194).

## BACKGROUND

Because the Court has already recited in detail the factual background of this
case in prior Opinions, (*see, e.g.*, Doc. 163, #9986–94; Doc. 184, #10308–12), and

because this motion addresses a narrow legal question, the Court will only briefly review the relevant procedural history.

In Adkins' most recently filed complaint—the Second Amended Complaint—he asserted three causes of action: the Jones Act, unseaworthiness, and maintenance and cure. (Doc. 18, #346–54). The first is, of course, a statutory claim, while the latter two arise under general maritime law (GML). After extensive discovery, the parties moved for summary judgment and to strike various experts, (Docs. 124–30, 135), so the Court held related *Daubert* hearings, (*see* 11/8/22 Min. Entry; 11/18/22 Min. Entry). After excluding two of Adkins' experts, the Court found Adkins' causation evidence lacking. (Doc. 163, #10032). So the Court granted summary judgment in favor of Marathon on all three claims. (*Id.*). After the Court denied a subsequent Motion to Alter Judgment, (Docs. 169, 172), Adkins appealed the Court's summary judgment decision to the Sixth Circuit, (Doc. 173).

The Sixth Circuit affirmed in part and reversed in part. (Doc. 174, #10169–70). It affirmed the Court's decision to dismiss the Jones Act and unseaworthiness claims, largely on causation grounds. (*Id.*). But it reversed this Court's decision on the GML maintenance-and-cure claim. (*Id.*). It then remanded the action for determination of that remaining claim. (*Id.*).

Following that limited remand, the Court met with the parties to determine the best path for resolving that one remaining claim. (*See* 8/30/24 Min. Entry; 10/1/24 Min. Entry; Status Report, Doc. 176). But Adkins had other ideas. He instead wanted to "revive" his Jones Act claim, at least in part. To that end, he first moved for leave

to file a third amended complaint, in which he said he would "clarify" that the remanded maintenance-and-cure claim was actually two claims—a Jones Act maintenance-and-cure claim and a separate GML maintenance-and-cure claim. (Doc. 177). The Court denied that motion, finding there was no pre-existing Jones Act maintenance-and-cure claim in this case to reinstate, and that it was too late to add it as a new claim. (Doc. 184). Unhappy with that result, Adkins moved for reconsideration, again arguing that a Jones Act maintenance-and-cure claim had long been part of his case and had survived summary judgment and the Sixth Circuit's remand. (Doc. 185). Again, though, the Court disagreed, concluding that a Jones Act maintenance-and-cure claim had never been part of this case, so it again denied Adkins' motion. (Doc. 193).

That brings us to the issue currently before the Court. In Adkins' reconsideration motion, not only did he argue that the case included a Jones Act maintenance-and-cure claim, but in the event the Court rejected that argument, he also requested a jury trial on his GML maintenance-and-cure claim. (Doc. 185-1, #10335). On that latter point, "Adkins acknowledge[d] that the Supreme Court 'has held that the Seventh Amendment does not require jury trials in admiralty cases.'" (Doc. 193, #10439 (quoting Reply, Doc. 188, #10360)). At the same time, he said, it "does not appear that any statute or rule 'forbids them' in a maritime law case, either." (*Id.*). But beyond that broad assertion, Adkins provided no argument as to the framework he contends a court should use in deciding whether to allow a jury trial on such a claim. So the Court invited Adkins to further brief the matter.

Adkins, however, declined to act on that invitation over the course of the ensuing two months. So on February 25, 2026, the Court held a telephonic status conference and directed Adkins to submit a brief on the matter by March 9, 2026, if he wanted the Court to consider the question. (2/25/26 Min. Entry). Adkins then timely filed his Motion for a Jury Trial (Doc. 194). Marathon responded, (Doc. 195), and Adkins replied, (Doc. 196). So the matter is now ripe for the Court's review.

## LAW AND ANALYSIS

This Opinion addresses a single, narrow question: whether Adkins should receive a jury trial on his GML maintenance-and-cure claim. Because a plaintiff is not entitled to a jury trial in a case involving only maritime law claims, the Court concludes Adkins is not entitled to a jury trial. And, as further discussed below, under Federal Rule of Civil Procedure 39(c), if a plaintiff is not *entitled* to a jury trial, then only two options remain: (1) if all parties consent, the Court can order a jury trial; or (2) the Court, with or without the consent of the parties, has the discretion to order an *advisory* jury. But as to the former, Marathon does not consent, and as to the latter, the Court declines to order an advisory jury. Thus, if this case proceeds to trial, it will be tried to the Court.

## A.    Adkins Is Not Entitled to a Jury Trial.

Generally, when the only claim at issue arises under general maritime law, a plaintiff is not entitled to a jury trial. Indeed, "the Seventh Amendment does not require jury trials in admiralty cases." *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963) (citing *Waring v. Clarke*, 46 U.S. (1 How.) 441, 460 (1847)). Federal Rule of

4

Civil Procedure 38(e) reinforces this principle and states that "[t]hese rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Rule 9(h), in turn, states: "A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated." Courts have repeatedly affirmed this concept in the decades following *Fitzgerald. See Skoldberg v. Villani*, 601 F. Supp. 981, 982 (S.D.N.Y. 1985) (citations omitted) ("In the absence of any basis other than [admiralty jurisdiction], plaintiff is not entitled to a jury trial as a matter of right; on the contrary, the 'time-sanctioned' rule is that general maritime claims be tried to the Court."); *Pierce v. Parker Towing Co., Inc.*, 25 F. Supp. 3d 1372, 1381 (S.D. Ala. 2014) (collecting cases); *Buccina v. Grimsby*, 889 F.3d 256, 261 (6th Cir. 2018) (noting there is not a "guaranteed" jury trial under admiralty procedures); *Rodi Marine, LLC v. Lighthouse Marine, LLC*, No. 3:22-cv-403, 2024 WL 3160321, at *1 (S.D. Tex. June 25, 2024) (citation omitted) ("[T]he Seventh Amendment's right to trial by jury does not extend to suits in admiralty.").

There are two exceptions to this general rule: (1) when there is a statutory right to a jury trial, such as in the Jones Act; and (2) when the Court has some other jurisdictional basis in addition to its admiralty jurisdiction, in other words, diversity or federal question jurisdiction exists. *Jose v. M/V Fir Grove*, 765 F. Supp. 1037, 1039 (D. Or. 1991). For the latter exception, 28 U.S.C. § 1333 provides that a federal district court has original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are

otherwise entitled." The "'saving-to-suitors' clause establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction *when both admiralty and non-admiralty jurisdiction exist*." *Zurich Am. Ins. Co. v. Chevron U.S.A. Inc.*, No. 24-cv-2733, 2026 WL 627951, at \*4 (N.D. Cal. Mar. 5, 2026) (emphasis in original) (quoting *Wilmington Tr. v. U.S. Dist. Ct. for Dist. of Hawaii*, 934 F.2d 1026, 1029 (9th Cir. 1991)). Stated differently, if both admiralty and non-admiralty jurisdiction exist, then the plaintiff can elect to use the Court's civil procedures or its admiralty procedures. And if the plaintiff chooses the civil procedures, the "law side," then they have a right to a jury trial, leading to the above exception.

Here, the issue is whether a plaintiff is entitled to a jury trial when the only live claim is a maintenance-and-cure claim under general maritime law, and the court has dismissed the Jones Act claim. Another district court faced this exact question and found no right to a jury trial. *Olaru v. Tidewater, Inc.*, No. 10-1567, 2011 WL 4073002, at \*1 (E.D. La. Sep. 13, 2011). The plaintiff there had pleaded Jones Act claims, which provided the "only basis for the right to a jury trial." *Id.* at \*2. That right, however, "was eliminated when th[e] [c]ourt dismissed [p]laintiff's Jones Act claims." *Id.*; *see also Clauson v. Smith*, 823 F.2d 660, 661 (1st Cir. 1987) (noting that the district court had dismissed Jones Act claim and held bench trial on remaining unseaworthiness claim brought under general maritime law).

The Court finds the same analysis governs Adkins' case. The only remaining claim is the GML maintenance-and-cure claim. (*See* Doc. 193, #10438 (after remand,

6

"the Court understands its marching orders to include trying the general maritime law maintenance-and-cure claim, and *only* that claim" (emphasis in original)). Indeed, Adkins concedes he is no longer "attempt[ing] to re-urge a Jones Act claim previously dismissed by the Court." (Doc. 194-1, #10445). But without any Jones Act claim, neither of the above-described exceptions applies. He has no other statutory right to a jury trial, nor does he have any remaining federal claim to sustain federal-question jurisdiction. Likewise, Adkins did not allege diversity jurisdiction, and Marathon maintains the parties are not diverse in fact. (Doc. 195, #10537). Thus, the general rule about juries in admiralty actions applies, meaning Adkins is not entitled to a jury trial.

Adkins resists this result on several fronts. The Court first addresses his contention that he invoked the Court's federal-question jurisdiction, not its admiralty jurisdiction. (Doc. 196, #10549–50). That may have been true at the outset, but the Court dismissed the Jones Act claim that formed the basis of federal-question jurisdiction. (Doc. 163, #10032). And Rule 9(h), which Adkins quotes, provides that "[a] claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, *whether or not so designated*." Fed. R. Civ. P. 9(h) (emphasis added). In other words, Adkins did not have to designate the maintenance-and-cure claim as an admiralty claim for it to be treated as one. And as it is the sole remaining claim, the only remaining source of the Court's jurisdiction is 28 U.S.C. § 1333, not § 1331. So Adkins cannot lay claim to the exception for when the Court has an alternative jurisdictional basis.

Adkins' primary argument, though, is that the Supreme Court's holding in *Fitzgerald* controls here and favors him. (Doc. 194-1, #10450–52). He is correct as to the former—as Supreme Court precedent, *Fitzgerald* is certainly binding on this Court. But he is wrong on the latter—*Fitzgerald* does not command the result he seeks. To explain why that is so, though, the Court must walk through the *Fitzgerald* decision in some detail.

In *Fitzgerald*, San Martin, the injured seaman, had sued the defendant shipping company and asserted claims (1) under the Jones Act, (2) for unseaworthiness, and (3) for maintenance and cure, the latter two of which arose under general maritime law. *Fitzgerald*, 374 U.S. at 16–17. All three claims proceeded to trial, but the district court faced a dilemma: the Jones Act provided a statutory right to a trial by jury, but there is no such right for maritime claims, as discussed above. *Id.* at 17. In response to San Martin's demand for a jury trial, the district court split the claims. *Id.* Specifically, "[t]he trial judge granted a jury trial for the Jones Act and the unseaworthiness issues but held the question of recovery under maintenance and cure in abeyance to try himself after jury trial of the other two issues."[1] *Id.* The jury returned a verdict in favor of the defendant on the two claims committed to it, but after the judge heard additional testimony, he ruled in favor of San Martin on the GML maintenance-and-cure claim. *Id.* The Second Circuit

---

[1] Why that court provided a jury trial on the unseaworthiness claim, which is a GML claim, is not entirely clear to the Court. Presumably, it is because that court concluded that the unseaworthiness claim was inextricably intertwined with the Jones Act negligence claim in a way that led the court to conclude that the jury trial right as to the latter must include the former.

affirmed the judge's decision to split the claims into two trials—one jury and one bench—as well as his dismissal of the Jones Act claim. *Id.* at 17, 21.

After granting certiorari, however, the Supreme Court reversed and determined that all three claims—the Jones Act, unseaworthiness, and maintenance and cure—should have gone to the jury in the first instance. *Id.* at 21. In other words, the trial judge erred by separating the GML maintenance-and-cure claim from the other two claims. The *Fitzgerald* court explained that separating the claims into two trials was "cumbersome, confusing, and time consuming." *Id.* Accordingly, the claims should have been tried together. *Id.* And the Court further noted that it was not possible to try them all in a bench trial; the seaman possessed a statutory right to a jury trial on his Jones Act claim. *Id.* And, while there is no *right* to a jury trial for the GML unseaworthiness or maintenance-and-cure claims, the Constitution does not *forbid* such claims from going to a jury either. *Id.* at 20. So the Supreme Court determined that "a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." *Id.* at 21. In short, the GML maintenance-and-cure claim should have gone to the jury with the others instead of to the judge. *Id.*

But there was one more wrinkle in *Fitzgerald* that is important to discuss in order to understand the implications of that decision for the case here. Specifically, the original jury in *Fitzgerald* had ruled in favor of the shipping company on the Jones Act claim, and the Second Circuit had affirmed that verdict. *Id.* at 17. The Supreme Court then declined to review that decision, so the Jones Act claim was no longer part

9

of the controversy. *Id.* at 21. That means that, when the Supreme Court remanded the case, the only remaining claim was the GML maintenance-and-cure claim. That claim, by itself, did not entitle the seaman to a jury trial; it was only in combining that claim with a Jones Act claim that the need for a jury arose. But, in response to the shipping company's argument on this point that a jury was not warranted, the Supreme Court stated that "[o]ur holding is that it was error to deprive the seaman of the jury trial he demanded, and he is entitled to relief from this error by having the kind of trial he would have had in the absence of error." *Id.* at 21–22. In other words, the only way to remedy the harm that the seaman there had suffered— deprivation of the jury trial he would have received on the first go around when his GML maintenance-and-cure claim was still coupled with a Jones Act claim—was to hold a jury trial upon remand, even though the Jones Act claim was now decided and the GML maintenance-and-cure claim stood alone.

So how does that compare to the present case? Here, Adkins argues that he is entitled to a jury trial even though his Jones Act claim was dismissed before trial. (Doc. 194-1, #10447). He says the current setting is just like in *Fitzgerald*, where the Supreme Court remanded the maintenance-and-cure claim for a jury trial even though it was then a standalone claim. (*Id.*). And Adkins seizes on the language in *Fitzgerald* that a maintenance-and-cure claim and Jones Act claim should both go to the jury when they "arise out of one set of facts," (*id.* at #10450 (quoting 374 U.S. at 21)), as is the case here.

But what Adkins misses is that his case is in a vastly different procedural posture than *Fitzgerald*, so the relief that worked there does not apply here. True, Adkins initially pleaded both Jones Act claims and a GML maintenance-and-cure claim, like in *Fitzgerald*. But the key difference is that, in *Fitzgerald*, all of those claims actually made it to trial. 374 U.S. at 17. Here, by contrast, the *only* claim going to trial is the GML maintenance-and-cure claim. The Court dismissed the Jones Act claim at summary judgment, (Doc. 163, #10032), and the Sixth Circuit affirmed that decision, (Doc. 174, #10169–70). So Adkins is simply wrong to say that "[h]ad the case proceeded correctly, all three claims would have been tried together." (Doc. 196, #10545). After summary judgment, and the partial reversal and remand, only the GML maintenance-and-cure claim was ever going to make it to trial.

Likewise, Adkins is wrong in arguing the Supreme Court remanded the maintenance-and-cure claim for a jury trial because the plaintiff there "wanted a jury for the tort, the negligence that caused him harm." (Doc. 194-1, #10452). Instead, the Supreme Court remanded the claim for a jury trial because it was the only way to remedy the error that had occurred—failing to try all three claims together to a jury in the first instance. Not to belabor the point, but in Adkins' case, once summary judgment was entered, there was no possibility that his Jones Act claim was going to trial, so the Court is not turning "one dispute into two." (Doc. 196, #10546). There is only one dispute that will ever make it to trial in Adkins' case, and Adkins is not entitled to have a jury resolve that dispute.

11

Nor can Adkins argue that losing his right to a jury trial with the demise of his Jones Act claim at summary judgment somehow prejudiced him because it came too late in the process. Indeed, the Second Circuit has upheld converting a jury trial to a bench trial even when the Jones Act claim was dismissed *mid-trial. Mahramas v. Am. Export Isbrandtsen Lines, Inc.*, 475 F.2d 165 (2d Cir. 1973). There, a plaintiff asserted claims under the Jones Act, coupled with GML unseaworthiness, maintenance and cure, and negligence claims. *Id.* at 167. Because of the Jones Act claim, the case went to a jury trial. *Id.* At the conclusion of the plaintiff's case, though, the defendant moved for a directed verdict, and the trial judge dismissed the Jones Act claim. *Id.* at 172. Without that claim, the plaintiff was no longer entitled to a jury, and so the trial judge discharged the jury and essentially converted the trial into a bench trial. *Id.* at 167. The Second Circuit affirmed this pivot because "there was no real Jones Act claim to go to the jury." *Id.* at 172. Moreover, "[i]f the rule were otherwise, any plaintiff could receive a jury trial on his admiralty claims simply by alleging a Jones Act count, whether or not he had any evidence to support it." *Id.* at 172–73 (citation omitted). If a mid-trial switch from jury to bench trial passes muster, then providing a bench trial following dismissal of the Jones Act claim at summary judgment certainly does, too.

Accordingly, Adkins is not entitled to a jury trial.

**B.**     **Under the Federal Rules, if Adkins Is Not *Entitled* to a Jury, the Court Can Order a Binding Jury Only if All Parties Consent, and Marathon Has Not Consented.**

That Adkins is not entitled to a jury trial does not necessarily end the inquiry. After all, as the Supreme Court itself noted, "[w]hile this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution *forbids* them." *Fitzgerald*, 374 U.S. at 20 (emphasis added). It turns out, though, that while the Constitution does not forbid them, the Federal Rules of Civil Procedure do, at least absent consent of all parties, which is not present here.

More specifically, Federal Rule of Civil Procedure 39(c) states that "[i]n an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury; or (2) may, *with the parties' consent*, try any issue by a [binding] jury." Fed. R. Civ. P. 39(c) (emphasis added). And here, as to the latter, both parties have not consented to a jury trial—Marathon opposed Adkins' motion. (*See* Doc. 195). That means option 2 is off the table. Or, as another court put it, "without *both* parties' consent, the only jury we could empanel would be an *advisory* jury." *Fernandez v. Dave & Busters, Inc.*, No. 23-cv-22310, 2023 WL 5443255, at *1 (S.D. Fla. Aug. 22, 2023) (citing Fed. R. Civ. P. 39(c)) (emphasis in original); *see also* 9 Wright & Miller's Federal Practice and Procedure § 2334 (4th ed. 2026) ("If there was no jury trial right on a particular issue as an original matter, the court may resort to Rule 39(c) to order an advisory jury or, with the consent of all parties, a regular jury trial, but it may not do so under Rule 39(b) on the motion of only one party.")

13

Indeed, even if both parties had consented, that would not *mandate* a jury trial. *See Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 968 n.2 (7th Cir. 2004) ("A district court is not obligated to use a jury where one is not required even if both parties agree to use a jury."). The court "may"—not must, but may—order a jury trial in that setting. Fed. R. Civ. P. 39(c)(2). And, in any event, Marathon did not consent here.

Nor does Rule 39(b) offer Adkins any help. True, that provision allows the Court to order a jury trial on a motion by only one party, but only as to "any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). And here, at the risk of unduly belaboring the point, Adkins never had a right to a jury trial on his GML maintenance-and-cure claim. *Cf.* 9 Wright & Miller's Federal Practice and Procedure § 2334 (4th ed. 2026) ("The district court cannot grant a Rule 39(b) motion if the issues are equitable in nature because the jury trial right never applied to them.").

Finally, even if the Court did have the discretion to order a jury trial, it would not do so. At this point, the case involves only a single, straightforward GML maintenance-and-cure claim, which the Court is perfectly capable of resolving on its own. There are no challenging issues of public interest where a jury's input would be particularly informative. *See XTO Energy, Inc. v. Furth*, No. 15-cv-1180, 2018 WL 11415857, at *1 (D.N.M. Jan. 22, 2018) (explaining juries are helpful if the case involves "issues of public policy or depends on the definition or application of community standards"). For the same reasons the Court declines to empanel an

14

advisory jury, *see* infra Law & Analysis, Part C, the Court would decline to grant a jury trial, even assuming it could.

**C.     The Court Will Not Employ an Advisory Jury.**

In Adkins' Reply (although not in his Motion itself), he alternatively requests the Court to empanel an advisory jury. (Doc. 196, #10551). The Court first notes that "arguments made to [the Court] for the first time in a reply brief are waived." *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) (citing *Am. Trim., L.L.C. v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004)). The Court could decide this issue on that ground alone. Even when considering the request, however, the Court declines to empanel an advisory jury.

Under Federal Rule of Civil Procedure 39(c)(1), a "court, on motion or on its own … may try any issue with an advisory jury." "[T]he case law is abundantly clear: it is completely within the trial judge's discretion under Rule 39(c) whether or not to use an advisory jury, and the district court's exercise of discretion is virtually unreviewable." 9 Wright & Miller's Federal Practice and Procedure § 2335 (4th ed. 2026). Adkins pushes for an advisory jury because ultimate resolution may involve several factual determinations. (Doc. 196, #10551). But the "Court is capable of making credibility assessments and finds no justification for complicating the proceedings or unnecessarily burdening jurors and the judicial system by empaneling an advisory jury." *Mills v. Molina Healthcare, Inc.*, No. 2:22-cv-1813, 2022 WL 17825534, at *17 (C.D. Cal. Dec. 8, 2022) (citation omitted). Accordingly, the Court denies Adkins' request.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Adkins' Motion for a Jury

Trial (Doc. 194). Assuming this case proceeds to trial, it will be a bench trial.

    **SO ORDERED.**


May 29, 2026
**DATE**

        **DOUGLAS R. COLE**
        **UNITED STATES DISTRICT JUDGE**